ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for SHELBY GAIL HEIFETZ, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY GAIL HEIFETZ,<br><br>Plaintiff,<br><br>vs.<br><br>GFROERER - CALIFORNIA LIMITED PARTNERSHIP; FARAMAK M. BAHARLOU, an individual dba HEAVENLY CAFE; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 19-5387<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; DECLARATORY RELIEF; AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO VISUALLY IMPAIRED/LEGALLY BLIND PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, AND 54.3; HEALTH & SAFETY CODE §§ 19955 *ET SEQ.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF;
DECLARATORY RELIEF; AND DAMAGES

1

**I. INTRODUCTION**

1. Plaintiff SHELBY GAIL HEIFETZ ("Ms. Heifetz" or "Plaintiff") seeks injunctive relief; and statutory damages pursuant to the Americans with Disabilities Act of 1990 (the "ADA"); California Unruh Civil Rights Act ("Unruh Civil Act:"); California Disabled Persons Act ("Disabled Persons Act"); and California Health and Safety Code ("Health and Safety Code") against Defendants GFROERER - CALIFORNIA LIMITED PARTNERSHIP; FARAMAK M. BAHARLOU, an individual dba HEAVENLY CAFE; and DOES 1-10, Inclusive, (collectively, "Defendants") who are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as Heavenly Bistro or Heavenly Cafe, and its adjacent facilities located at/near 3116 Oak Rd., Walnut Creek, CA 94597, or of the building and/or buildings which constitute said public accommodation.

2. This action seeks to put an end to systematic civil rights violations committed by Defendants against individuals with disabilities who are denied the opportunity to participate in and benefit from goods, services, facilities, privileges, advantages, or accommodations of Defendants' facilities. Defendants have failed to provide disabled individuals with equal access to their goods and services by refusing to remove numerous architectural barriers the presence of which makes it difficult if not outright impossible for visually impaired patrons, such as Plaintiff, to dine at Defendants' facilities. As a result, Defendants' discrimination violated and continues to violate Title III of the ADA and supplemental California statutes.

3. Defendants' acts and omissions caused Plaintiff difficulty, discomfort, and embarrassment, and have prevented her from enjoying Defendants' goods and services to the same extent as, and in a manner equal to, sighted individuals. Ms. Heifetz seeks injunctive relief that requires the removal of the various architectural barriers found at Defendants' property in order to make the facility accessible to individuals who are visually impaired/legally blind. Plaintiff also requests that this Court order Defendants to pay her damages for continuing disability discrimination, and reimburse Plaintiff's attorneys' fees, costs, and litigation expenses necessary to enforce her rights under the ADA and related California civil rights laws.

## II. PARTIES

### A. *Plaintiff Shelby Gail Heifetz*

4.  Ms. Heifetz is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff has been legally blind since birth due to Rod-Cone Dystrophy. Plaintiff is able to read California grade 2 Braille signage. Plaintiff uses a white cane when ambulating and is unable to use portions of public facilities that are not accessible to disabled persons, including those who are visually impaired/legally blind. Plaintiff possesses a disabled parking placard issued by the State of California. Plaintiff is and at all times relevant hereto was a resident of Pleasant Hill, California.

### B. *Defendants Gfroerer – California limited partnership; Faramak M. Baharlou, an individual dba Heavenly Cafe*

5.  Plaintiff is informed and believes, and based thereon alleges, that Defendants GFROERER - CALIFORNIA LIMITED PARTNERSHIP; FARAMAK M. BAHARLOU, an individual dba HEAVENLY CAFE are and at all relevant times were the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as Heavenly Bistro, located at/near 3116 Oak Rd Walnut Creek, CA 94597, or of the building and/or buildings which constitute said public accommodation (hereinafter, "Bistro").

### C. *Defendants, Does 1 through 10, Inclusive*

6.  Does 1 through 10, inclusive, are now, and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of Does 1 through 10, inclusive, and for that reason, Does 1 through 10 are sued under such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF;
DECLARATORY RELIEF; AND DAMAGES

**D. All Defendants**

7. Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

8. Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

9. Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were, members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such harmed Plaintiff

10. Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## III. JURISDICTION

11. The federal jurisdiction of this action is based on the Americans with Disabilities Act of 1990, 42 United States Code ("U.S.C.") §§12101-12102, 12181-12183 and 12201, *et seq*. (the "ADA").

12. The Judicial District of the United States District Court of the Northern District of California has supplemental jurisdiction over the state law claims as alleged in this Complaint pursuant to 28 U.S.C. §1367(a). The reason supplemental jurisdiction is proper in this action is because all the claims derived from federal law and those arising under state law, as herein alleged, arose from a common nucleus of operative facts and arose out of the same transactions.

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF;
DECLARATORY RELIEF; AND DAMAGES

4

The common nucleus of operative facts and the subject transactions, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to and enjoyment of Defendants' facilities, goods and/or services in violation of both federal and state laws when she attempted to enter, use and/or exit Defendants' facilities as described below within this Complaint. Further, due to this denial of full and equal access, Plaintiff was damaged. Based upon these allegations, the state law claims, as stated herein are so related to the federal actions that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## IV. VENUE

13.    Venue for this matter properly lies in the Northern District of California under Title 28, United States Code, Sections 1391(b)-(c) and 1441(a).

## V. INTRADISTRICT ASSIGNMENT

14.    This case should be assigned to the San Francisco/Oakland intradistrict as Defendants and the Bistro are located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## VI. FACTS

15.    From time to time Ms. Heifetz has eaten lunch at the Bistro with her boyfriend including on August 20, 2018 and December 28, 2018. The Bistro is in a convenient location with affordable prices, tasty food and great hot chocolate. Ms. Heifetz wishes to be able to eat at the Bistro more often. Ms. Heifetz, however, is deterred from dining at the Bistro more often because of the presence of numerous accessibility barriers at the Bistro.

16.    To start with, there are no truncated domes to help Ms. Heifetz navigate the parking lot, making finding the way to the entrance unassisted very difficult and potentially dangerous. It is quite frustrating for Ms. Heifetz to not be able to walk herself into the Bistro without relying on someone else to guide her. On top of that, the front door was heavy and fast closing such that it is challenging for Plaintiff to operate while using her cane, especially with the addition of the tripping hazard of the doormat that is left out.

17. Then, there is the customer restroom. It is very difficult for Plaintiff to find the customer restroom as there is no Braille signage to indicate its location. It is extremely embarrassing aimlessly feeling along the wall to no end. More embarrassing is requiring aid getting to the restroom. Ms. Heifetz realized later that there is actually a Braille sign on the door, though it is a confusing jumbled mess of both grade 1 and grade 2 Braille. Even entering the customer restroom is challenging due to a twist knob that is not easy for Ms. Heifetz to operate with her cane in hand. All in all a frustrating and mortifying experience. Ms. Heifetz wants to be able to come and eat at the Bistro without stress or hassle. Ms. Heifetz deserves equal access, as do other people with disabilities. Ms. Heifetz has been deterred from dining at the Bistro more often and could and would return if the Bistro is made accessible to her.

18. Before filing this complaint, on or about July 3, 2019 Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Bistro. While he could not make detailed measurements, he determined that the Bistro was also inaccessible in multiple other ways, including, but not limited to, the following:

- No tow away sign visible
- No path of travel from public right of way noticed
- ADA parking has no truncated domes by tanning place
- ADA parking has no "No Parking" stamped at access aisle by tanning place
- ADA parking has an encroaching ramp to access aisle that creates confusion by tanning place
- ADA parking sign in a path of travel by Subway is low
- No truncated domes at ADA parking by Subway
- Front entrance door is heavy
- Front entrance door is fast closing
- Door mats are a tripping hazard
- No exit sign with Braille on latch side of door
- No latch side with Braille at restroom door
- Restroom door heavy

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF;
DECLARATORY RELIEF; AND DAMAGES

- Restroom door fast closing
- Restroom door has no contrasting color sign on door
- Sign on door itself has Braille that is confusing to read and at a wrong location
- Restroom doorknob requires twisting and hard to operate when holding a cane
- On information, protruding items were present at the location.

19. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases.

20. Defendants knew that these elements and areas of the Bistro were inaccessible, violate state and federal law, and interfere with or deny access to the visually impaired/legally blind patrons. Also, Defendants have the financial resources to remove these barriers from the Bistro without much difficult or expense and make the Bistro accessible to visually impaired/legally blind patrons. To date, however, Defendants refuse to remove these barriers.

21. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Bistro to remove impediments to access and to comply with the Americans with Disabilities Act Accessibility Guidelines (the "ADAAG") and Title 24 regulations. Defendants have not removed such impediments and have not modified the Bistro to conform to accessibility standards.

## VII. FIRST CAUSE OF ACTION

**Violation of California Civil Code §§ 51, *et seq.* - the Unruh Civil Rights Act**

**(Against all Defendants and each of them)**

22. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

23. California Civil Code §§ 51, *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges and services of all business establishments

of any kind whatsoever. Defendants are systematically violating the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*

24. The Bistro is a "business establishment" within the meaning of California Civil Code §§ 51, *et seq.* The Bistro is inaccessible due to the presence of architectural barriers at Defendants' property. This inaccessibility denies physically disabled individuals full and equal access to the facilities, goods and services that Defendants makes available to the non-disabled public. Defendants are violating the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, in that Defendants are denying physically disabled individuals the goods and services provided by the Bistro. These violations are ongoing.

25. Defendants' actions constitute intentional discrimination against Plaintiff and other physically disabled individuals in violation of the Unruh Civil Rights Act, California Code §§51 *et seq.*, in that: the Bistro is inaccessible to Ms. Heifetz and other visually impaired/legally blind individuals; that Defendants maintain the Bistro in this inaccessible condition; and have failed to take actions to correct these barriers despite the obvious presence of said barriers.

26. Defendants are also violating the Unruh Civil Rights Act, California Civil Code § 51, in that the conduct alleged herein constitutes a violation of various provisions of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, as set forth above. California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

27. The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, and therefore Ms. Heifetz is entitled to injunctive relief remedying the discrimination.

28. Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

29. Plaintiff is also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests relief as set forth below.

### VIII. SECOND CAUSE OF ACTION

**Violation of Cal. Civ. Code §§ 54, *et seq.* - the Disabled Persons Act**

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF;
DECLARATORY RELIEF; AND DAMAGES

**(Against all Defendants and each of them)**

30. Plaintiff incorporates by reference the allegations foregoing allegations as if set forth fully herein.

31. California Civil Code §§ 54, *et seq.* guarantees full and equal access for people with disabilities to all public places. The Bistro constitutes a "public place" within the meaning of California Civil Code §§ 54.1 - 54.3.

32. California Civil Code § 54 also guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places.

33. California Civil Code § 54.1(a)(1) also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

34. Defendants have violated California Civil Code §§ 54, *et seq.* by denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to her disability.

35. Defendants are also violating California Civil Code §§ 54, *et seq.* in that Defendants' actions are a violation of the ADA. Any violation of the ADA is also a violation of California Civil Code § 54.1.

36. Accordingly, Plaintiff is also entitled to damages under California Civil Code § 54.3 for each offense.

WHEREFORE, Plaintiff requests relief as set forth below.

## IX. THIRD CAUSE OF ACTION

**Violation of 42 U.S.C. §§ 12181, *et seq.* - Title III of the Americans with Disabilities Act**

**(Against all Defendants and each of them)**

37. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

38. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services,

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF;
DECLARATORY RELIEF; AND DAMAGES

facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

39. The Bistro is a "public accommodation" as defined in 42 U.S.C. § 12181(7)(B).

40. Defendants discriminated against Ms. Heifetz by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Bistro.

### Failure to Remove Architectural Barriers in an Existing Facility

41. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id*. § 12181(9).

42. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id*. § 12182(b)(2)(A)(v).

43. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Bistro without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

44. In the alternative, if it was not "readily achievable" for Defendants to remove Bistro's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

45. On information and belief, the Bistro was designed or constructed or both after January 26, 1992 independently triggering access requirements under Title III of the ADA.

46. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

47. Here, Defendants violated the ADA by designing or constructing or both the Bistro in a manner that was not readily accessible to the physically disabled public, including Ms. Heifetz, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

48. On information and belief, the Bistro was modified after January 26, 1992, independently triggering access requirements under the ADA.

49. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

50. Here, Defendants altered the Bistro in a manner that violated the ADA and was not readily accessible to the legally blind, including Ms. Heifetz, to the maximum extent feasible

### Failure to Modify Existing Policies and Procedures

51. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

52. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Bistro, when these modifications were necessary to afford and would not fundamentally alter the nature of these goods, services, facilities, or accommodations.

WHEREFORE, Plaintiff requests relief as set forth below.

### X. FOURTH CAUSE OF ACTION

### Violation of Cal. Health & Safety Code § 19955 *et seq.*

### *(Against all Defendants and each of them)*

53. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

54. California Health & Safety Code § 19955 *et seq.* was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title I of the Government Code." Such public accommodations are defined as any "building, structure, facilities, complex, or improved area that is used by the general public…" Cal. Health & Safety Code § 19955.

55. On information and belief, the Bistro was constructed with private funds and has undergone construction and/or alterations after January 1, 1982 that triggered access requirements pursuant to Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as the Bistro, undergo an "alteration, structural repair or addition." On information and belief, Defendants did not comply with the access requirements, which Title 24-2 imposes on renovated and remodeled facilities.

WHEREFORE, Plaintiff requests relief as set forth below.

### *RELIEF REQUESTED*

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to legally blind persons users including Plaintiff and issue a preliminary and permanent injunction directing Defendants to provide and *maintain* facilities usable by Plaintiff and similarly situated persons with disabilities, including appropriate changes in policy. Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section;

3. A declaration that Defendants are owning, maintaining and/or operating Bistro in a manner which discriminates against individuals who are legally blind and which fails to provide access for persons with disabilities as required by law;

5. Damages in an amount to be determined by proof, including all applicable statutory damages;

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF;
DECLARATORY RELIEF; AND DAMAGES

6. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by law;

7. For pre-judgment interest to the extent permitted by law; and

8. Such other and further relief as the Court deems just and proper.

Dated: August 27, 2019                     */s/ Irene Karbelashvili*
                                                      Irene Karbelashvili, Attorney for Plaintiff
                                                      SHELBY GAIL HEIFETZ

## ***DEMAND FOR JURY TRIAL***

Plaintiff hereby demands a trial by jury.

Dated: August 27, 2019                     */s/ Irene Karbelashvili*
                                                      Irene Karbelashvili, Attorney for Plaintiff
                                                      SHELBY GAIL HEIFETZ